**MEMO ENDORSED**

## Federal Defenders
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __9/12/23__

July 19, 2023

**BY ECF**
The Honorable Andrew L. Carter
United States District Judge
40 Foley Square
New York, New York 10007
Fax: (212) 805-7942

Re:     **United States v. Jarian Ricks**
        **21 Cr. 101 (ACL)**

Dear Judge Carter:

I write to respectfully request early termination of supervised release for Mr. Ricks in the above-captioned matter. I am informed by Mr. Ricks' Probation Officer, Lauren Blackford, that Probation does not oppose early termination. No Assistant United States Attorney has been assigned to this matter.

### A. Background

This case originated in the United States District Court for the District of Maryland, where on August 2, 2011, Mr. Ricks was sentenced to 180 months and eight years supervised release upon a guilty plea to conspiracy to distribute cocaine and cocaine base and 18 U.S.C. § 924(c). Mr. Ricks commenced his term of supervised release on January 5, 2021. Jurisdiction and supervision were transferred to SDNY and the case was assigned to Your Honor on February 17, 2021. Following his transfer to SDNY, Mr. Ricks accepted the offer to participate in RISE Court I-2021 and joined the program on April 8, 2021. See Request for

Early Termination of Supervised Release, attached as Exhibit A.  Judge Chin, presiding over RISE Court I-2021, described Mr. Ricks as a "model RISE Court participant." Mr. Ricks graduated in June 2022 and, in light of his outstanding participation in RISE and his stellar compliance with the rules and regulations of Supervised Release, Judge Chin recommended to the Court that Mr. Ricks' term of supervised release be reduced by five (5) years. Id.  On April 8, 2022, the Court granted that request.  ECF No. 5.  Mr. Ricks' term of supervision now has a maximum expiration date of January 4, 2024.   According to Probation Officer Blackford, since Mr. Ricks' graduation from RISE Court, he has voluntarily attended every Rise Court meeting in SDNY and participates as a mentor and inspiring role model for others.

    Mr. Ricks has been on supervised release for 29 months and is currently on low intensity supervision only requiring him to submit monthly reports online. He is not required to report in person.

### B.  The legal standard.

    The decision whether to grant early termination is committed to the discretion of the district court. *See, e.g., United States v. Sheckley,* 129 F.3d 114 (2d Cir. 1997). Under 18 U.S.C. § 3583(e), the court must first consider the relevant sentencing factors, which include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for deterrence and rehabilitation. After considering the sentencing factors, the court may terminate supervision "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Notably, the U.S. Sentencing Guidelines encourage courts to exercise their authority to terminate supervised release early in appropriate cases. U.S.S.G. § 5D1.2, cmt. (n.5).  No change in circumstances is required for supervision to be terminated early. *See United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). As Counsel for the Administrative Office of the U.S. Courts has noted:

It is a common misconception that early termination under 18 U.S.C. §3583(e)(1) must be based on an offender's significantly changed circumstances or extraordinarily good performance under supervision . . . [A] court must simply be satisfied that the termination is warranted and is in the interest of justice.

*United States v. Trotter*, 321 F.Supp.3d 337, 364-365 (E.D.N.Y. 2018) (quoting Counsel for the Administrative Office of the U.S. Courts).


**C.      Early termination is in the interests of justice.**

The usefulness of supervision has run its course for Mr. Ricks and another six months of supervision will not serve any rehabilitation purpose.   For 29 months he has been in awe-inspiring compliance with the conditions of his supervision.  He has not engaged in illegal conduct or run afoul of the law in any way.

In addition to inspiring others through his continued participation in RISE Court, Mr. Ricks is self-motivated, ambitious and driven to better his station in life. During his participation in RISE Court, Mr. Ricks was employed as a 311-call operator.  Exhibit A.  He also enrolled in an on-line bartending course.  Id.  Since May of 2022, Mr. Ricks has been employed by New York City Heath and Hospitals at North Central Bronx Hospital as a Clerical Associate in the ER.  He will soon begin training for a supervisor position.  In addition, Mr. Ricks started his own moving company with his son and hopes to open other businesses in the future with his other children.  Mr. Ricks has other career goals, some of which he has had to put on hold while he is on probation.  For example, he would like to earn extra income driving for Uber, but his probationary status is an impediment to that employment.

Mr. Ricks has no history of substance abuse and has tested negative for all substances since his release to supervision.  Mr. Ricks is in a healthy and supportive relationship.  He married his wife while he was incarcerated, and they have a strong partnership.   His wife also works for the City of New York at the Office of the Chief Medical Examiner and they both share a desire to live a

productive life.  Mr. Ricks has four adult children and a 15-year-old special needs child.  He is a devoted husband and father and actively involved in his children's lives.

For Mr. Ricks, supervision has accomplished the objective of rehabilitation. Mr. Ricks has maintained perfect and exemplary behavior for 29 months.  Ever since the Court granted Judge Chin's unusual recommendation that the Court reduce Mr. Rick's term of supervision by five years, for which Mr. Ricks is extraordinarily grateful, he has not disappointed in any way.  Indeed, his growth and progress are even more impressive.   He is pursuing his career and life goals. He has a stable home and family life.  He is supervised at a very low level and a further six months of on-line reporting would yield no marginal benefit.  Arguable, at this point, supervision is hindering rather than helping his continued and successful reintegration into society.

After 14 years of court involvement, since his arrest in 2009, Mr. Ricks longs to live a life free of restrictions.  At 44 years old he has never left United States soil and he would like the freedom to take family vacations without asking permission and to take his wife on a long overdue honeymoon outside of the country.  He would like to pursue professional opportunities that are unavailable to him while he is under supervision.   There is no purpose served by delaying these liberties another six months until January 4, 2024.

Accordingly, this Court should terminate Mr. Rick's supervised release.

Respectfully submitted,

*/s/ Amy Gallicchio*

_____

Amy Gallicchio
Assistant Federal Defender
(212) 417-8728 / (917) 612-3274

cc:   USPO Lauren Blackford   The application is **GRANTED**.
So Ordered.

9/12/23